Rose Keegan and John Keegan, Imp'd, etc..

v.

Hannah Kinnare, Administratrix, etc.

*Action of Debt on Bond—Formal Defect in Judgment.*

In an action of debt on a bond, it is *held:* That a formal defect in the judgment as written up, which did not prejudice the appellants, is not sufficient ground for reversal.

[Opinion filed April 26, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge presiding.

Messrs. M. A. Rorke & Son, for appellants.

As showing that this judgment is erroneous in point of form, and under some of the cases cited in substance, and that the word " damages " is essential, see Parisher v. Waldo, 72 Ill. 71; Mattieson v. Stephens, 9 Ill. App. 435; Eggleston v. Buck, 31 Ill. 254; Austin v. People, 11 Ill. 452; Toles v. Cole, 11 Ill. 552; Knox v. Breed, 12 Ill. 61; Frazier v. Laughlin, 1 Gilm. 347.

Messrs. Hynes, English & Dunne, for appellee.

The verdict of the jury was as follows: " We, the jury, find the issues for the plaintiff; we find the debt to be $3,000, and we assess the plaintiff's damages at $1,840." The verdict was undoubtedly in the most approved form.

Upon the motion for a new trial, on the suggestion of the court, plaintiff remitted some $80, and the court thereupon

Keegan v. Kinnare.

entered judgment "that the plaintiff do have and recover of and from the defendants her said debt of $3,000, and also the said sum of $1,760, together with her costs and charges in this behalf expended, and have execution therefor. It is further ordered that said debt be discharged upon a payment of the said sum of $1,760, interest thereon and costs of suit." This judgment was in proper form. It is true that sometimes the word "damages" is used, but only, as we understand it, in cases where the judgment is the same as the verdict. The form, as given by the court, has been in use for years where any reduction is made in the finding of a jury. The material part of the verdict is that part which declares that the judgment in debt must be satisfied upon the payment of the damages found. That part appears clearly in the finding of the court in this case in these words: "It is further ordered that said debt be discharged upon the payment of the said sum of $1,760, interest thereon and costs of suit."

It has been the invariable practice in the Circuit and Superior Courts of Cook County, in an action of this nature, when the amount found by the verdict of damages has been changed by remittitur, to enter up the judgment in the form in which the judgment is rendered, and we see no good reason why the practice should be disturbed.

*Per Curiam.* This was an action of debt on a bond. The evidence would support a larger verdict than was rendered. A great many errors are assigned which it would serve no useful purpose to discuss. We have examined them all carefully and find none which would authorize a reversal of the judgment. There is a formal defect in the judgment as written up, but no injury can arise from it, the whole judgment order being correct in substance. It clearly appears that the debt adjudged against the defendants is to be discharged upon the payment of damages, to wit, the sum of $1,760, interest thereon and costs of suit. Under such order, execution could only issue for said sum of $1,760, and interest thereon from the date of the judgment, and the costs. And the payment of such amount would work a discharge of the whole judgment.

In the cases cited by counsel, there was more than a mere informality in the judgment order. The defendant was, by the order entered, required to pay more than was due—more than the damages—in some of the cases the debt and damages, and there was nothing in the order to protect him from such consequence.

There is no reason shown why the judgment should be reversed, and it will, therefore, be affirmed.

*Judgment affirmed.*